## S. H. Gilman v. Edward Pilsbury—D. Greig, Warrantor.

The acceptor of a bill, when sued by the payee, has a right to call the drawee of the bill in warranty, in the case where the drawee is requested to pay not unconditionally, but in accordance with a contract, and he has been notified by the drawer because the consideration of the draft had failed.

When cited in warranty by the drawee, the drawer may plead the failure of consideration as a defence to the suit.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
*Bonford, Singleton & Clack*, for plaintiff. *Race & Foster*, for defendants and appellants.

Buchanan, J. *Duncan Greig* drew upon *Edward Pilsbury*, at Vermillion-ville, August 3d, 1859, requesting the drawer to pay on the 1st March, 1860, agreeably to and in accordance with a contract to *Mr. S. H. Gilman*, the sum of three thousand dollars, with eight per cent. interest until maturity.

This bill was accepted by drawee, and suit was brought upon the same by payee against acceptor, on the 6th March, 1860.

The acceptor answers to the pleading, that he had been notified by the drawer of the bill, before its maturity, not to pay the bill, because the consideration of the same had failed : that he verily believed there was a good defense to the bill;

GILMAN
*v.*
PILSBURY.

and prayed that *Greig* might be called in warranty to defend the suit. The District Judge, by written order, allowed the call in warranty. A citation in warranty was issued to *Greig*, who appeared and pleaded that the bill was given for a steam engine and sugar mill, to be furnished by plaintiff to him, warrantor. That the engine and mill were furnished, but turned out to be defective ; whereby warrantor lost a large portion of his crop of sugar. He denies plaintiff's right to recover upon the draft, and claims damages in reconvention. Annexed to this answer is the contract referred to in the draft, and a bill of particulars of damages.

Four days after the filing of the answer of warrantor, an order was granted on motion of his counsel for a commission to take testimony of witnesses in the parish of Lafayette, and thirty days allowed by the same order for return of commission.

The cause was called for trial the same day with this order for commission—the 9th April, 1860. Defendant and warrantor moved for a continuance, in order to procure evidence under the commission.

The continuance was opposed and refused by the court, *on the ground that the acceptor of a bill, when sued by payee, had no right to call the drawer in warranty; that the warranty was irregular, and the drawer should have intervened, in order to present the defence relied upon herein.* Defendant and warrantor excepted to this ruling, and appeal from the judgment rendered against the defendant.

The appellee relies in argument upon the case in 4 N. S., 286 ; 2d Rob., 256 ; and 14th Annual, 409, as authorities for the doctrine that the acceptor of a a bill has no right to enquire into the consideration as between drawer and payee.

These authorities are not applicable to the case at bar. In all those cases, the acceptor of the bill was the only party defendant before the court. In the present case, the drawer of the bill is made party defendant by order of court, and appears by answer and petition in reconvention filed.

It would seem that the form of appearance—as warrantor, and not as intervenor—was regarded as irregular. The tenor of this bill, however, takes it out of the strict rules of negotiable paper. The drawee is requested to pay, not absolutely and unconditionally, but *agreeably to and in accordance with a contract.* This would be notice, even to a third holder, of the guarantees and stipulations of payee contained in the contract, which was the consideration of the bill. And the plaintiff in this case is not a third holder or indorsee of the bill, but the payee himself. In the case of *Smith* v. *Adams,* 14th Annual, 409, quoted by counsel of appellee, the court declined to decide (as unnecessary in that case), whether failure of consideration might not be pleaded by acceptor in a suit by the original parties to an *unconditional* bill.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and the cause remanded for further proceedings according to law upon the pleadings of defendant and warrantor ; and that plaintiff and appellee pay costs of this appeal.